FILED IN CHAMBERS
U.S.D.C  Atlanta

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SEP 1 0 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

**ORIGINAL**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL INDICTMENT |
| | : | |
| | : | |
| v. | : | NO. **1 :10 - C R - 3 9 7** |
| | : | |
| BIDEMI BELLO | : | |
| a/k/a Nimota Folashade Bello | : | |
| a/k/a Wasilat O. Williams | : | |

THE GRAND JURY CHARGES THAT:

## COUNT ONE

Beginning in or about October 2001, and continuing until on or about March 2004, in the Northern District of Georgia and elsewhere, Defendant BIDEMI BELLO did knowingly provide and obtain the labor and services of O.O. by means of threats of serious harm to and physical restraint against O.O. or another person; and by means of a scheme, plan, and pattern intended to cause O.O. to believe that, if she did not provide such labor and services, she or other persons would suffer serious harm; and by means of the abuse and threatened abuse of the law and legal process, all in violation of Title 18, United States Code, Section 1589.

## COUNT TWO

Beginning in or about October 2001, and continuing until on or about March 2004, in the Northern District of Georgia and elsewhere, Defendant BIDEMI BELLO did knowingly recruit, harbor, transport, provide and obtain, by any means, O.O. for labor and services in violation of the forced labor statute, Title 18, United States Code, Section 1589, all in violation of Title 18, United States Code, Section 1590.

## COUNT THREE

Beginning in or about October 2001, and continuing until on or about March 2004, in the Northern District of Georgia and elsewhere, Defendant BIDEMI BELLO did knowingly possess any actual or purported passport and any actual or purported government identification document of O.O. in the course of a violation of sections 1589 and 1590, with intent to violate sections 1589 and 1590, and to attempt to prevent and restrict, without lawful authority, O.O.'s liberty to move and travel, in order to maintain the labor and service of O.O., when O.O. was and had been a victim of a severe form of trafficking in persons, all in violation of Title 18, United States Code, Section 1592.

## COUNT FOUR

Beginning in or about October 2004, and continuing through in or about April 2006, in the Northern District of Georgia, and elsewhere, defendant BIDEMI BELLO did knowingly provide and obtain the labor and services of O.S. by means of threats of serious harm to and physical restraint against O.S. or another person; and by means of a scheme, plan, and pattern intended to cause O.S. to believe that, if she did not provide such labor and services, she or other persons would suffer serious harm; and by means of the abuse and threatened abuse of the law and legal process, all in violation of Title 18, United States Code, Section 1589.

## COUNT FIVE

Beginning in or about October 2004, and continuing through in or about April 2006, in the Northern District of Georgia and elsewhere, Defendant BIDEMI BELLO, aided and abetted by a person known to the grand jury, did knowingly recruit, harbor, transport, provide and obtain, by any means, O.S. for labor and services in violation of the forced labor statute, Title 18, United States Code, Section 1589, all in violation of Title 18, United States Code, Section 1590 and Section 2.

3

## COUNT SIX

Beginning in or about November 2004, and continuing until on or about April 2006, in the Northern District of Georgia and elsewhere, Defendant BIDEMI BELLO, aided and abetted by a person known to the grand jury, did knowingly possess any  actual or purported passport and any actual or purported government identification document of O.S. in the course of a violation of sections 1589 and 1590, with intent to violate sections 1589 and 1590, and to attempt to prevent and restrict, without lawful authority, O.S.'s liberty to move and travel, in order to maintain the labor and service of O.S., when O.S. was and had been a victim of a severe form of trafficking in persons, all in violation of Title 18, United States Code, Section 1592 and Section 2.

## COUNT SEVEN

Beginning in or about November 2004, and continuing until on or about April 2006, in the Northern District of Georgia and elsewhere, Defendant BIDEMI BELLO and other persons whose identities are known to the grand jury, did knowingly and in reckless disregard of the fact that O.S., an alien, came to, entered and remained in the United States in violation of the law, did knowingly conceal, harbor, and shield O.S. in a place, that is the defendant's personal residences located in Suwanee, Georgia,

and in Buford, Georgia from detection by immigration and other law enforcement authorities, and did attempt to do so, for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (B)(I).

## FORFEITURE PROVISION

Upon conviction of the offenses alleged in COUNTS ONE through SIX of this Indictment, Defendant BIDEMI BELLO shall forfeit to the United States pursuant to Title 18, United States Code, Section 1594(d), and Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offenses alleged in COUNTS ONE through SIX; and any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offenses alleged in COUNTS ONE through SIX; and any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in COUNTS ONE through SIX or any conspiracy to commit such offenses, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

Upon conviction for the offense alleged in COUNT SEVEN of this Indictment, Defendant BIDEMI BELLO shall forfeit to the United

5

States pursuant to Title 18, United States Code, Section 982(a)(6)(A), and Title 8, United States Code, Section 1324(b), as incorporated by Title 28, United States Code, Section 2461, any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense alleged in COUNT SEVEN; and any property, real or personal, that constitutes, or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense alleged in COUNT SEVEN, or any property, real or personal, that is used or intended to be used to facilitate the commission of the offense alleged in COUNT SEVEN, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.

982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

A ___True___ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

_____
SUSAN COPPEDGE
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6250 (telephone)
404/581-6181 (facsimile)
Georgia Bar No. 187251

_____
KARIMA G. MALONEY
U.S. DEPARTMENT OF JUSTICE, DEPUTY CHIEF
CIVIL RIGHTS DIVISION, CRIMINAL SECTION
601 D Street, N.W., Room 5200
Washington, D.C. 20004
202/307-3212 (telephone)
202/514-8336 (facsimile)
Texas Bar No. 24041383