IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL CASE NO. 1:10-CR-397-WSD-LTW |
| BIDEMI A. BELLO, | |
| Defendant. | |

### **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL**

This matter is presently before the Court on Defendant's Motion to Dismiss. Docket Entry [11]. The Government has filed a response in opposition to Defendant's Motion. Docket Entry [16]. For the reasons set forth below, this Court **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED**. Docket Entry [11].

### **BACKGROUND FACTS**

On September 10, 2010, the grand jury returned a five count Indictment against Defendant Bidemi A. Bello ("Defendant"). Docket Entry [5]. On October 5, 2010, the Government filed a nine count Superseding Indictment, charging Defendant in Count One and Four with providing and obtaining the labor of O. O. (Count One) and O.S. (Count Four) with force in violation of 18 U.S.C. § 1589. Docket Entry [12]. Defendant is charged in Counts Two and Five with trafficking O.O. and O.S. in peonage, slavery, involuntary servitude, and forced labor in violation of 18 U.S.C. § 1590. Counts Three and Six of the Indictment charge Defendant with unlawful conduct with respect to documents (passports) in furtherance of a violation of 18 U.S.C. §§ 1589 and 1590, with

the intention of restricting O.O. (Count Three) and O.S.'s (Count Six) liberty to move and travel in violation of 18 U.S.C. §§ 1592 and 2. In Count Seven, Defendant is charged with bringing in and harboring an alien (O.S.) with the knowledge that O.S. had entered and remained in the United States in violation of 18 U.S.C. § 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i). In Counts Eight and Nine, Defendant is charged with knowingly procuring citizenship or naturalization after falsely indicating that she had never committed a crime or offense for which she had been arrested (Count Eight) or helped anyone enter the United States illegally (Count Nine) in violation of 18 U.S.C. § 1425(a).

## LEGAL ANALYSIS

In Defendant's Motion to Dismiss, Defendant argues that the offenses listed in Counts One, Two and Three of the Indictment involving O.O. are barred by the statute of limitations for non-capital offenses pursuant to 18 U.S.C. § 3282. Specifically, Defendant contends that the trafficking related offenses involving O.O., which allegedly occurred between October 2001 and March 2004, are outside of the applicable five-year statute of limitations provided in 18 U.S.C. § 3282.

18 U.S.C. § 3282 addresses non capital offenses and provides the following:

> (a) In general.- -Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Contrary to Defendant's contention, the trafficking-related offenses charged in the Indictment in this case are not governed by the five-year statute of limitations period provided in 18 U.S.C. § 3282. First, on January 5, 2006, Congress expanded the statute

of limitations for trafficking related offenses such as those listed in Counts One, Two and Three of the instant Indictment. Specifically, 18 U.S.C. § 3298 provides the following:

> No person shall be prosecuted, tried, or punished for any non-capital offense or conspiracy to commit a non-capital offense under section 1581 (Peonage; Obstructing Enforcement), 1583 (Enticement into Slavery), 1584 (Sale into Involuntary Servitude), 1589 (Forced Labor), 1590 (Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor), or 1592 (Unlawful Conduct with Respect to Documents in furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor) of this title or under section 274(a) of the Immigration and Nationality Act unless the indictment is found or the information is instituted not later than 10 years after the commission of the offense.

Id.

Second, the criminal activity (human trafficking) alleged in Counts One, Two and Three of the Indictment are charged as continuing offenses running from October 2001 when Defendant allegedly brought victim O.O. to the United States until March 2004 when O.O. allegedly escaped from Defendant. Therefore, the applicable statute of limitations would not expire until March 2014. Third, the September 2010 Indictment at issue in this case was not returned until after 18 U.S.C. § 3298 extended the statute of limitations for offenses involving forced labor (1589), trafficking (1590) and unlawful conduct with respect to documents (1592). Because the Indictment in this case was returned after the statute of limitations was extended, but before the former limitations period had run, the ex post facto clause is not violated. United States v. Grimes, 142 F.3d 1342, 1350-51 (11th Cir. 1998) (finding that because Congress extended the statute of limitations before the prosecution was barred by the former limitations period, the ex post facto clause was not violated in a prosecution under 18

U.S.C. § 844(i)).  As a result of the foregoing, this Court finds that Defendant's Motion to Dismiss is without merit.

## CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED**.  Docket Entry [11].  There are no further motions or problems pending before the undersigned to prevent the scheduling of this Defendant for trial. Therefore, this case is **CERTIFIED READY FOR TRIAL**.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 18th day of JANUARY, 2011.

　　　　　　　　　　　　　　　　　　s/Linda T. Walker
　　　　　　　　　　　　　　　　　　LINDA T. WALKER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE