IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

BIDEMI A. BELLO,

          **Defendant.**

1:10-cr-397-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Linda T. Walker's Report and Recommendation (the "R&R") [29] on Defendant Bidemi A. Bello's ("Defendant") Motion to Dismiss Counts One, Two, and Three of the indictment (the "Counts") returned against her on September 10, 2010 (the "Motion") [11].[1] The Counts charge Defendant with violations of 18 U.S.C. §§ 1589, 1590 and 1592, respectively, relating to the trafficking of individuals for the purpose of peonage, slavery, or involuntary servitude. Defendant claims the charges in each

---

[1] The indictment containing these Counts was returned on September 10, 2010, and were included in the superseding indictment returned against the Defendant on October 5, 2010.

of the Counts are barred by the five (5) year limitations period in 18 U.S.C. § 3282. The Magistrate Judge found that the ten (10) year limitations period in 18 U.S.C. § 3298, applies because the Counts allege that Defendant engage in ongoing criminal conduct from October 2001 to March 2004, that the limitations period began to run on or about March 2004, and thus the limitations under Section 3298 period does not expire until March 2014.

## I.  STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Rule 59 of the Federal Rules of Criminal Procedure; Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay,

714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Defendant has not filed objections to the findings or recommendations in the R&R.

## II.   DISCUSSION

The Court finds no plain error in the Magistrate Judge's findings and recommendations that the Counts are not time barred and that Defendant's motion to dismiss should be denied.  The conduct alleged in this case continuously occurred up through about March 2004.  On January 5, 2006, Congress enacted the ten (10) year limitations period in 18 U.S.C. § 3298.  Section 3298 expanded the then existing five (5) year limitations period under 18 U.S.C. § 3282 for non-capital felony offenses.  Section 3298 provides for a ten (10) year limitations period for those trafficking offenses that violate 18 U.S.C §§ 1589, 1590 and 1590.  The Court agrees that because Section 3298 was enacted before the Section 3282 limitations period barred the Counts, the Section 3298 limitations period applies.  Because the Section 3298 limitations period does not expire until about March 2014, the Counts are not time-barred and the Defendant's Motion to Dismiss is required to be denied.

## III.   CONCLUSION

Having reviewed the Magistrate Judge's Report and Recommendation for plain error, and for the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation of Magistrate Linda T. Walker [29].

**IT IS FURTHER ORDERED** that Defendant Bidemi A. Bello's Motion to Dismiss [11] is **DENIED.**

**SO ORDERED** this 9th day of March, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE